209 F.Supp.2d 1384 (2002)
In re AIR CRASH NEAR NANTUCKET ISLAND, MASSACHUSETTS, ON OCTOBER 31, 1999.
Amira Mansour, etc. v. EgyptAir, Inc., E.D.New York, C.A. No. 1:01-174 (C.D.California, C.A. No. 2:00-11686)
No. 1344.
Judicial Panel on Multidistrict Litigation.
June 6, 2002.
BEFORE: WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

REMAND ORDER
This matter is before the Panel on plaintiffs' motion, pursuant to 28 U.S.C. § 1407(a) and Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001), to remand seven actions to their transferor courts.[1] Sole *1385 defendant EgyptAir, Inc. (EgyptAir) has not filed an opposition to this motion.
On the basis of the papers filed and hearing session held, the Panel finds that remand of Mansour is now appropriate.
In August 2001, the Panel denied a motion under Section 1407 by these same plaintiffs to remand their actions in light of the fact that pretrial proceedings were ongoing in the transferee district. Since that time, four of the seven actions included in plaintiffs' quest for remand have been terminated; a fifth action has settled and is in the process of dismissal; settlement efforts are continuing in a sixth action; and efforts to resolve the remaining action have not proved fruitful.
EgyptAir has previously agreed not to contest liability for full compensatory damages in accordance with the applicable law in those passenger cases where subject matter jurisdiction and venue are proper in the courts of the United States. Thus, in the absence of any opposition to remand by sole defendant EgyptAir, Section 1407 remand has become appropriate.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, Amira Mansour, etc. v. EgyptAir, Inc., E.D. New York, C.A. No. 1:01-174 (C.D.California, C.A. No. 2:00-11686) is remanded from the Eastern District of New York to the Central District of California.
NOTES
[1] Four actions  Melvin Bowman, etc. v. EgyptAir, Inc., E.D. New York, C.A. No. 1:01-175 (C.D.California, C.A. No. 2:00-11687); Marilyn Yeager, et al. v. EgyptAir, Inc., E.D. New York, C.A. No. 1:01-179 (D.Colorado, C.A. No. 1:00-2147); Susan Murray, et al. v. EgyptAir, Inc., E.D. New York, C.A. No. 1:00-3665 (E.D.Pennsylvania, C.A. No. 1:00-1266); and Susan Murray, et al. v. EgyptAir, Inc., E.D. New York, C.A. No. 1:01-1465 (E.D.Pennsylvania, C.A. No. 2:01-80)  included on plaintiffs' motion have been settled and dismissed in the transferee district. Accordingly, the question of Section 1407 remand of these actions is now moot.

The transferee court has recently advised the Panel that i) the parties in Richard Seidman, etc. v. EgyptAir, Inc., E.D. New York, C.A. No. 1:01-176 (C.D.California, C.A. No. 2:00-11688) have agreed to a settlement, but that a dismissal order has not yet been entered in this action; and ii) a settlement conference has been set for June 20, 2002, in Faith Freeman, et al. v. EgyptAir, Inc., E.D. New York, C.A. No. 1:01-173 (C.D.California, C.A. No. 2:00-11685). If settlement in either of these actions does not come to fulfillment, the Panel will remand them at the appropriate time.